[No. 6389–1. Division One. April 26, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. CHRISTIAN W. LARSEN, *Appellant.*

*Brett & Daugert* and *Steve Brinn,* for appellant (appointed counsel for appeal).

*Robert S. McEachran, Prosecuting Attorney,* for respondent.

WILLIAMS, J.—Christian W. Larsen appeals his conviction of first–degree robbery committed against Donald Green. In October of 1977, Green visited a massage parlor where he paid Larsen's wife with a $100 check to perform an act of prostitution. Thereafter, Green stopped payment on the check because his intoxication prevented his receiving the expected services. Early in November, Larsen called at Green's home and forced Green to write a second check for $100. After it was cashed, Larsen was arrested and charged with armed robbery.

At trial, Larsen contended that he did not commit robbery because he had a rightful claim to the $100 as a creditor. Over objection, the trial court instructed the jury that:

Under the laws of the State of Washington a creditor's intent to collect a debt from his debtor by use or threatened use of immediate force, violence or fear of injury is not a defense to a charge of Robbery.

Instruction No. 11. Larsen appeals arguing that the court erred by giving this instruction because it precluded the jury from considering his defense based upon RCW 9A.56.020(2).[1] He contends that one who forcibly collects a debt in the good faith belief that it is owed, acts without the essential element of intent necessary to constitute robbery. We disagree.

 Where self–help is used to recover *specific property,* it is a defense to a charge of robbery that a claim of title is made in good faith. *State v. Steele,* 150 Wash. 466, 273 P. 742 (1929). Under these circumstances, the defense is allowed because it raises the question of whether the actor proceeded with the intent necessary to constitute the crime of robbery. A contrary rule would prevent an owner of property who caught a thief in the act of carrying away that property from retaking it by force. *State v. Steele, supra.* Where, as in this case, a person uses force to collect a debt with no claim of ownership in the specific property acquired, the defense is not allowed because the requisite intent necessary to constitute robbery is present. *State v. Martin,* 15 Ore. App. 498, 516 P.2d 753 (1973).

Moreover, acceptance of Larsen's argument would sanction debt collection by force contrary to one of the purposes of Washington's Criminal Code, which is "[t]o forbid and prevent conduct that inflicts or threatens substantial harm to individual or public interests". RCW 9A.04.020(1)(a). As stated in *State v. Ortiz,* 124 N.J. Super. 189, 192, 305 A.2d 800 (1973):

In our view, the proposition not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society

---

[1] "In any prosecution for theft, it shall be a sufficient defense that the property or service was appropriated openly and avowedly under a claim of title made in good faith, even though the claim be untenable." RCW 9A.56.020(2).

such as ours, which eschews self–help through violence. Adoption of the proposition would be but one step short of accepting lawless reprisal as an appropriate means of redressing grievances, real or fancied. We reject it out of hand.

(Footnote omitted.) We also reject it in this state.

Affirmed.

FARRIS and DORE, JJ., concur.