526 So.2d 183 (1988)
Kenneth J. THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1537.
District Court of Appeal of Florida, Third District.
June 3, 1988.
Rehearing Denied June 28, 1988.
Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr. and Henry Harnage, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen. and *184 Claire Lardner, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
SCHWARTZ, Chief Judge.
Charged with armed robbery, Thomas was found guilty of attempted strong-arm robbery of a bicycle which he claimed, at the jury trial below, he thought belonged to him. Notwithstanding that there was ample, although disputed, evidence that the defendant believed in good faith that he owned the property, the trial judge did not instruct the jury that such a belief constituted a lawful defense to the offense charged. This omission requires reversal for a new trial.[1]
It is well settled that a well-founded belief in one's right to the allegedly stolen property constitutes a complete defense to a charge of theft, Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981), and cases cited, and because the demonstration of a theft is indispensable to a robbery conviction, Arnold v. State, 83 So.2d 105, 108 (Fla. 1955), to a robbery case as well. State v. Steele, 150 Wash. 466, 273 P. 742 (1929); see Vaughn v. State, 460 So.2d 505, 505 (Fla. 3d DCA 1984) ("There is no doubt that the intent to permanently deprive another of property is an element of robbery."); see also State v. Parker, 102 Wash.2d 161, 683 P.2d 189 (1984). Nor is there any question that the trial court is obliged to instruct the jury as to any defense which, as here, is supported by a reasonable view of the evidence. Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983); Rodriguez, 396 So.2d at 799.
The state disputes none of these propositions. It argues only that the issue was not properly preserved below because, as is indeed apparent from the record, the defendant did not submit an adequate proposed jury instruction on the subject for consideration by the trial court. While this fact would ordinarily preclude the defendant from claiming error in failing to charge on a particular subject, see Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Rodriguez, 396 So.2d at 800, it is not determinative in this case. This is because the "good faith" defense "went to the very heart, indeed to the existence of the defense" below. Rodriguez, 396 So.2d at 800. The lack of an instruction on what was the very basis of the defendant's position constituted fundamental error, which by definition need not be properly asserted in the trial court. Motley v. State, 155 Fla. 545, 548, 20 So.2d 798, 800 (1945) (omission from self-defense instruction of right to resist if defendant believed himself in imminent danger which went to the essence and entirety of the defense fundamental error); Stinson v. State, 245 So.2d 688 (Fla. 1st DCA 1971) (same); Whitehead v. State, 245 So.2d 94, 99 (Fla. 2d DCA 1971) (omission from definition of justifiable homicide of theory relevant to defendant's case fundamental error); Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960) (failure to adequately instruct on defense of justifiable homicide fundamental error); cf. Rodriguez, 396 So.2d at 800. See generally Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), and cases cited at 544-45, cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983).
Accordingly, the judgment under review is reversed. For the reason stated in note *185 1, the time for rehearing is reduced to three days.
NOTES
[1] This result does not particularly help Mr. Thomas since he was sentenced to four and one-half years imprisonment in June of 1984 and has undoubtedly been released by now. The delay in consideraton of this relatively simple appeal was caused entirely by the failure of the public defender's office to process the case in anything remotely resembling a timely manner. (This appeal was dismissed on February 15, 1985, because no appellant's brief had been filed. It was not reinstated until October 6, 1987, when a brief was finally tendered. Even then, however, Thomas's lawyer did not bring the necessity of an accelerated disposition of the case to our attention. The case, therefore, took its normal course until the oral argument, which took place on June 1, 1988.) We again admonish that this situation cannot be permitted to continue. See Hut v. State, 519 So.2d 1 (Fla. 3d DCA 1987); Cobb v. State, 511 So.2d 698, 700 n. 3 (Fla. 3d DCA 1987); Johnson v. State, 501 So.2d 158, 161 n. 7 (Fla. 3d DCA 1987).