[No. 36269. Department One. November 29, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. VERNON J. LARSON, *Appellant*.*

*Irving C. Paul, Jr.,* for appellant.

*Charles O. Carroll* and *Richard M. Foreman,* for respondent.

ROSELLINI, J.—The defendant was found guilty of the crime of robbery. His appeal is prosecuted upon a single assignment of error—that the trial court erred in refusing the following requested instruction: " 'The exercise of the "will" of an individual requires a conscious mental process.' "

The evidence showed that the defendant had been drinking with the prosecuting witness on the night in question and attacked him as they walked down the street together, knocking him down and kicking him. The victim made an effort to rise, but was knocked down again by the defendant, who then took his wallet from his pocket. The defendant was arrested shortly thereafter by two policemen who witnessed the incident.

At the trial, the prosecuting witness was unable to re-

*Reported in 376 P. (2d) 537.

member the event. It is the theory of the defendant that the jury could conclude from this fact that the witness was unconscious at the time, and that consequently the wallet was not taken against his will.

█ The pertinent language of RCW 9.75.010 defines robbery as

" . . . the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, . . . "

*Bowen v. State,* 16 Ga. App. 110, 84 S. E. 730, was a case very similar to this one. The victim was beaten and robbed while he was drunk, and could not remember at the trial what had happened to him. The defendant contended that the crime was larceny, not robbery, because the property was taken without the knowledge of the victim. Quoting from 24 Am. & Eng. Enc. of Law (2d ed.) 1002, the court said:

" . . . 'While it is not robbery to abstract money from the person of one drunk and unconscious, it is otherwise if, to accomplish the taking, the intoxicated person is beaten and bruised.' . . . ".

In 2 Brill, Cyclopedia Criminal Law 1494, § 941, the rule is stated:

"If force is used, it is none the less robbery because the victim makes no active resistance. And, as a rule, it makes no difference that he does not know that he is being robbed. So, while it is not robbery to take property furtively from one who is unconscious, it is robbery to take property from an unconscious person if any force is used, or he is beaten or bodily injury is inflicted upon him, to accomplish the taking. . . . "

In 2 Wharton's Criminal Law (12th ed.) 1389, § 1092, it is said:

"As a rule, robbery must be against the will; at the same time, as in the parallel case of rape, 'against the will,' if there be force, is to be treated as convertible with 'without consent;' and hence where the defendant knocked the prosecutor down, and, when the latter was insensible, robbed him, it was held that the robbery was complete. And so was it held, where the prosecutor was seized by the cravat

and forced against the wall, and when thus pinioned his watch was taken without his knowledge. But the mere taking goods from an unconscious person, without force, or the intent to use force, is not robbery, unless such unconsciousness was produced expressly for the purpose of taking the property in charge of such person."

Our case of *State v. Denby,* 143 Wash. 288, 255 Pac. 141, is in accord with these rules. It was there contended that the information was fatally defective because it failed to charge in precise words that the taking was against the will of the prosecuting witness. On this question, we said:

" . . . The information does charge, however, that the taking was with force and violence and by putting in fear. This, we think, is sufficient to meet the objection made. While it must appear from some source in an information for robbery that the taking was not with the consent of the victim, this sufficiently appears when it is charged that such taking was by means of force and violence. . . ."

It follows that the instruction proposed by the defendant was correctly refused, for it would have tended to mislead the jury regarding the applicable law. There was no evidence which would have supported a finding that the property was taken without force and violence; and thus the jury rendered the only verdict which the evidence would support.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.