[No. 76528-6. En Banc.]
Considered October 6, 2005. Decided October 13, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD STEPHEN JOHNSON, JR., *Petitioner*.

*Daniel H. Bigelow*, for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

¶1 PER CURIAM — We consider whether a robbery conviction can be based upon force used to escape after peaceably-

taken property has been abandoned. Concluding that theforce must be used to obtain or retain property, or to prevent or overcome resistance to the taking, we reverse Richard Johnson's first degree robbery conviction.

¶2 Johnson walked into Wal-Mart, loaded a $179 television-video cassette recorder combo into a shopping cart, removed the security tag, and pushed the cart out the front door. Two security guards observed him, followed him into the parking lot, and confronted him. Johnson abandoned the shopping cart and started to run away, but suddenly turned back. One of the guards grabbed Johnson's arm. Johnson punched the guard in the nose and ran away. The guards were unable to catch him, but a police officer positioned his car in Johnson's path and arrested him.

¶3 The State charged Johnson with first degree robbery. Following a bench trial, the superior court found Johnson guilty as charged. The court entered findings of fact stating that Johnson walked away from the shopping cart and was attempting to escape the guards when he punched one of them in the nose, causing bleeding. In its conclusions of law, the court said that Washington has adopted the transactional view of robbery: "[t]herefore, even though the Defendant did not use force to obtain or retain property, he used force in an attempt to escape and inflicted bodily harm." Clerk's Papers at 73.

¶4 Johnson appealed, arguing the evidence was insufficient to support his conviction because he did not use force to obtain or retain property, but rather used force while attempting to escape after abandoning the property. The Court of Appeals affirmed his conviction, concluding robbery includes the use of force while attempting to escape or resist apprehension following a theft. We disagree with the Court of Appeals attempt to broaden the transactional view of robbery beyond the statutory elements of the crime.

■ ¶5 A person commits robbery by unlawfully taking personal property from another against his will by the use or threatened use of force to take or retain the property. "Such force or fear must be used *to obtain or retain*

*possession of the property*, or *to prevent or overcome resistance to the taking*; in either of which cases the degree of force is immaterial." RCW 9A.56.190 (emphasis added). And a person commits first degree robbery if during the commission of a robbery, or in flight therefrom, the person inflicts bodily injury. RCW 9A.56.200(1)(a)(iii).

¶6 This court in *State v. Handburgh*, 119 Wn.2d 284, 830 P.2d 641 (1992), rejected the common law view of robbery that the force used during a robbery must be contemporaneous with the taking and found the modern transactional view properly reflected Washington's robbery statute. In *Handburgh*, the defendant took a girl's bicycle while she was in a recreation center. When the girl saw the defendant riding her bicycle, she demanded he return it and a fistfight ensued. This court affirmed the defendant's robbery conviction, holding that the plain language of the robbery statute says the taking can take place outside the presence of the victim, and the necessary force to constitute robbery can be found in the forceful retention of stolen property that was peaceably taken. The transactional view of robbery as defined in Washington's robbery statute requires that the force be used to either obtain or retain property or to overcome resistance to the taking.

¶7 The trial court's unchallenged findings of fact state that Johnson was trying to escape when he punched the security guard in the nose. And the trial court concluded that even though Johnson did not use force to obtain or retain the property, he was guilty of the crime because the transactional view of robbery includes force used during an escape. But as noted above, the force must relate to the taking or retention of the property, either as force used directly in the taking or retention or as force used to prevent or overcome resistance "to the taking." Johnson was not attempting to retain the property when he punched the guard but was attempting to escape after abandoning it.

¶8 We reverse Johnson's robbery conviction.

Reconsideration denied November 30, 2005.