# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON ,                )
                                     )   No. 69328-0-I
              Respondent,            )
                                     )   DIVISION ONE
       v.                            )
                                     )   UNPUBLISHED OPINION
CARL STEVEN TOBIN,                   )
                                     )
              Appellant.             )   FILED: January 13, 2014
_____    )

SPEARMAN, A.C.J. – Carl Tobin appeals the judgment and sentence imposed following his convictions for first degree robbery and malicious harassment. Tobin claims that the State's evidence was insufficient to convict on the robbery charge and that his right to an open and public trial was violated when peremptory challenges were exercised in writing instead of orally. We affirm.

## FACTS

On December 23, 2011, Daniel Lusko went to a restaurant in the Beacon Hill neighborhood of Seattle with some friends. Lusko was wearing a fur coat and had a gold ring on one of his fingers. Lusko stayed at the restaurant until it closed around 9:30 p.m. Soon after he left, Lusko realized he had left some of his possessions inside the restaurant, but the restaurant's front door was locked. Tobin, who was sitting outside the restaurant, suggested that Lusko go into the alley next to the restaurant and knock on the restaurant's side door.

Lusko testified that Tobin and two other men followed him into the alley and began kicking him and stomping on him. During the assault, Tobin said, "smother the

faggot so he's dead" and "cut out his finger for that ring." Report of Proceedings (RP) (8/15/12) at 280. One of the three men ran away when Lusko managed to kick him. Tobin and the remaining man, Antonio Gomez, then shoved Lusko's face into the ground and Lusko lost consciousness. When Lusko woke up, the men were gone and he was no longer wearing his coat. A witness saw Tobin walking away from the assault wearing Lusko's coat.

Law enforcement officers called to the scene located Tobin and the two other men. Tobin was wearing Lusko's coat. The coat had been ripped in half. Tobin and Gomez were arrested and placed in the back of a police car together. The arresting officer activated the police car's audio system and informed Tobin that anything he said inside the car would be recorded. Despite this, Tobin made several incriminating statements, including: "'[I]t's robbery...that's twenty to life. You gotta be fucked up. I didn't do shit to nobody. Nothing...and neither did you. That's my story.'" Exhibit 23, at 3.

Prior to jury selection, the trial court explained to the parties its process for challenging jurors. For peremptory challenges, the parties were instructed to take turns writing their challenges on a form that they would pass back and forth. The parties conducted peremptory challenges in this fashion as the trial court made some opening remarks to the jury pool. The trial court then excused the challenged prospective jurors and impaneled the jury. The form upon which the State and defense counsel wrote their peremptory challenges was filed in the record that same

No. 69328-0-I/3

day. The clerk's minutes indicate that Tobin was present in the courtroom throughout these proceedings, and there was no evidence that the courtroom was closed to the public during this time.

The jury found Tobin guilty as charged. Tobin appeals.

## DISCUSSION

### Sufficiency of the Evidence

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence must be drawn in favor of the State and against the defendant. Salinas, 119 Wn.2d at 201. Circumstantial evidence and direct evidence are equally reliable. State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

A person commits robbery by unlawfully taking property from another person against that person's will by the use or threatened use of force, violence or fear of injury. RCW 9A.56.190. "Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking . . . . Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear." RCW 9A.56.190.

The intent to steal is an essential, nonstatutory element of the crime of robbery. State v. Kjorsvik, 117 Wn.2d 93, 98, 812 P.2d 86 (1991). "[T]he force must

-3-

relate to the taking or retention of the property, either as force used directly in the taking or retention or as force used to prevent or overcome resistance 'to the taking.'" State v. Johnson, 155 Wn.2d 609, 611, 121 P.3d 91 (2005). The mere taking of goods from an unconscious person, without force or the intent to use force, is not robbery unless such unconsciousness was produced "'expressly for the purpose of taking the property in charge of such person.'" State v. Larson, 60 Wn.2d 833, 835, 376 P.2d 537 (1962).

Tobin argues that the State's evidence was insufficient to show that force was used for the purpose of obtaining or retaining possession of Lusko's coat. Tobin argues that he merely beat Lusko into unconsciousness and then stripped him of the coat as an afterthought. But there was both direct and circumstantial evidence sufficient to show that Tobin used force for the purpose of taking property from Lusko. During the crime, Tobin told Gomez to cut Lusko's finger off so they could get his ring. When Tobin was apprehended wearing the coat, it was ripped in half, indicating that it was taken from Lusko with a great deal of force. Finally, Tobin's statements in the police car indicate that he was aware he had committed robbery. This evidence was sufficient to permit a reasonable jury to infer that acquiring the coat was one of Tobin's purposes for assaulting Lusko.

## Public Trial

Tobin contends that the exercise of peremptory challenges in writing instead of orally amounted to a courtroom closure that violated his right to a public trial. We disagree.

The right of a criminal defendant to a public trial is guaranteed by both the Sixth Amendment to the U.S. Constitution and article I, section 22 of the Washington Constitution. State v. Bone-Club, 128 Wn.2d 254, 261-62, 906 P.2d 325 (1995). Additionally, article I, section 10 of the Washington Constitution guarantees the public's open access to judicial proceedings. Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 36, 640 P.2d 716 (1982). The court may close a portion of a trial to the public only if the court openly engages in the five-part balancing test outlined in Bone-Club.[1] A closure "occurs when the courtroom is completely and purposefully closed to spectators so that no one may enter and no one may leave." State v. Lormor, 172 Wn.2d 85, 93, 257 P.3d 624 (2011).

The record does not support Tobin's claim that the courtroom was closed. Tobin was present for the exercise of peremptory challenges, during which time the courtroom was open to the public. Once the parties had written their challenges on the form provided by the trial court, the trial court excused the prospective jurors on the record. The form utilized by the parties listed the prospective jurors who were removed by

---

[1] The five factors are: (1) the proponent of closure must make a showing of compelling need; (2) any person present when the motion is made must be given an opportunity to object; (3) the means of curtailing open access must be the least restrictive means available for protecting the threatened interests; (4) the court must weigh the competing interests of the public and of the closure; and (5) the order must be no broader in application or duration than necessary. Bone-Club, 128 Wn.2d at 258-59.

No. 69328-0-I/6

peremptory challenge, as well as the order in which each challenge was made and the party who made it. The form was then filed in the court record. Though Tobin takes issue with the fact that the challenges were exercised in writing rather than orally, calling the procedure "similar to a sidebar," the public was entitled to be present during the proceedings and to view the record of what transpired. The procedure by which peremptory challenges were exercised satisfied both Tobin's right to a public trial and the public's right to the open administration of justice.

Affirmed.

Spearman, A.C.J.

WE CONCUR:

Cox, J.

-6-