**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| THE STATE OF WASHINGTON, Respondent, v. PATRICK T. MAULOLO, Appellant. | No. 80656-4-I DIVISION ONE UNPUBLISHED OPINION |

APPELWICK, J. — Maulolo was convicted of first degree robbery. He argues that the omission of an essential element from the charging document deprived him of constitutionally adequate notice of the charges against him. We affirm.

FACTS

Patrick Maulolo committed a robbery at an automated teller machine (ATM) vestibule in Federal Way, Washington. As the victim deposited money, Maulolo entered the vestibule, hit her repeatedly in the head, and stole her purse. The robbery was captured on video surveillance.

The Federal Way Police Department disseminated a still image from video surveillance to other law enforcement agencies in an attempt to identify the suspect. A King County detective identified Maulolo as the suspect. Maulolo agreed to speak to police and admitted to committing the robbery.

The State charged Maulolo with first degree robbery. A jury convicted him as charged.

Maulolo appeals.

DISCUSSION

Maulolo asserts for the first time on appeal that the information omitted an essential element of robbery, depriving him of constitutionally adequate notice of the charges against him. He further asserts that this omission requires reversal of the robbery conviction and remand for dismissal without prejudice.

Accused persons have the constitutional right to know the charges against them. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; State v. Pry, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). Pursuant to that right, a defendant must be given notice of the charges against them by information. See State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000); CrR 2.1(a)(1). An offense is not properly charged unless all essential elements of a crime, statutory or otherwise, are included in the charging document. State v. Kjorsvik, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). An essential element is one whose specification is necessary to establish the very illegality of the behavior charged. State v. Johnson, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992).

When an appellant challenges the sufficiency of a charging document for the first time on appeal, we construe the charging document liberally. McCarty, 140 Wn.2d at 425. We resolve such challenges with a two-pronged test: (1) do the necessary facts appear in any form, or by fair construction can they be found on the face of the charging document, and if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language that caused

a lack of notice?  Pry, 194 Wn.2d at 752-53 (describing the test from Kjorsvik, 117 Wn.2d at 105-06).  If the necessary elements cannot be found or fairly inferred from the charging document, prejudice is presumed without reaching the second prong of the test.  State v. Phillips, 9 Wn. App. 2d 368, 375, 444 P.3d 51, review denied, 194 Wn.2d 1007, 451 P.3d 340 (2019).  The remedy for an insufficient charging document is reversal and dismissal of the charges without prejudice to the State's ability to refile.  Id.

A person is guilty of first degree robbery if in the commission of a robbery or of immediate flight therefrom, they are armed with or display a weapon or inflict bodily injury.  RCW 9A.56.200(1)(a).  The robbery definitional statute, RCW 9A.56.190, provides,

> A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone.  Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial.  Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by use of force or fear.

(Emphasis added.)

The information tracked the statutory language of RCW 9A.56.200(1)(a)(iii) and the first sentence of RCW 9A.56.190:

> That the defendant PATRICK T MAULOLO in King County, Washington, on or about June 15, 2018, did unlawfully and with intent to commit theft take personal property of another to-wit: purse, from the person and in the presence of [the victim], who had an ownership, representative, or possessory interest in that property,

against her will, by the use or threatened use of immediate force, violence and fear of injury to such person or her property and to the person or property of another, and in the commission of and in the immediate flight therefrom, the defendant inflicted bodily injury on [the victim].

Maulolo argues the information charging him with first degree robbery was deficient because it did not include the second sentence of RCW 9A.56.190— "Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial."—which he argues is an essential element to robbery.

This court has previously rejected that argument and held that the first sentence of RCW 9A.56.190 sets out the statutory elements of robbery while sentences two and three are mere definitional statements. Phillips, 9 Wn.2d at 377. Maulolo argues Phillips should not control because our Supreme Court in Pry, 194 Wn.2d at 755, rejected similar reasoning by holding the label "definitional" does not determine if a fact is or is not an essential element that must be in the charging document. We disagree.

In Phillips, we found the second sentence of RCW 9A.56.190 was merely definitional because, rather than broadening the statutory elements of robbery, it "defines 'force,' and 'fear,' as used in sentence one." 9 Wn. App. 2d at 377. We noted this was consistent with the determination of the essential elements of robbery in the first degree set forth in State v. Truong, 168 Wn. App. 529, 537, 277 P.3d 74 (2012).[1] Id. at 378.

---

[1]In support of his assertion that the second sentence of RCW 9A.56.190 is an essential element of robbery, Maulolo also relies on State v. Johnson, 155 Wn.2d 609, 610, 121 P.3d 91 (2005); State v. Allen, 159 Wn.2d 1, 9, 147 P.3d 581 (2006); and State v. Todd, 200 Wn. App. 879, 885-86, 403 P.3d 867 (2017). As

In Pry, the defendant contended the charging document did not include essential elements of rendering criminal assistance detailed in RCW 9A.76.050. 194 Wn.2d at 754. Similar to the analysis in Phillips, the court stated, "We must determine whether .050 provides the essential elements or merely defines the offense." Id. at 754-55. The State argued that the language in dispute was in a separate section and labeled definitional. Id. at 75657. The court rejected the notion that the language was "merely definitional" because it was labeled definitional. Id. at 57. It concluded the section did "substantially more than provide a definition." Id. at 756. The court noted it had already made clear that RCW 9A.76.050 provides essential elements of rendering criminal assistance in State v. Budik, 173 Wn.2d 727, 736-37, 272 P2d 816 (2012). Id. at 755.

Pry evaluated different language in a different statute. It did not reject expressly or implicitly the analysis or conclusion in Phillips. Consistent with Philips, we conclude the second sentence of RCW 9A.56.190 is merely definitional.

The information satisfies the first prong of Kjorsvik. Therefore, Maulolo must demonstrate actual prejudice resulting from any inartful language in order to obtain relief. He does not allege or establish actual prejudice. We hold the

---

Maulolo acknowledges, the Phillips court previously considered these cases in relation to RCW 9A.56.190. 9 Wn. App. 2d at 378-80. It found the Todd court was incorrect in finding that Allen had announced the second sentence of RCW 9A.56.190 was a new statutory element of robbery. Id. at 379-380. Further, Phillips cites Johnson as clarifying that the second sentence of RCW 9A.56.190 "defines 'force,' and 'fear,' as used in sentence one." Phillips, 9 Wn. App. 2d at 377 (citing Johnson, 155 Wn.2d at 611). We agree with the Phillips court's analysis.

information charging Maulolo with first degree robbery was constitutionally sufficient.

We affirm.

_Appelwick, J._

WE CONCUR:

_Coburn, J._ _Smith, J._