# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57350-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRUCE MICHAEL CASAWAY, | |
| Appellant. | |

PRICE, J. — In 2003, Bruce M. Casaway was sentenced to life in prison without the possibility of release under the Persistent Offender Accountability Act (Three Strikes Law). RCW 9.94A.570. In 2022, Casaway moved for resentencing based on the comparability of a Texas conviction that was used as one of the three strikes supporting his life sentence. The State objected, and his motion was denied.

Casaway argues that the sentencing court erred in determining his Texas robbery conviction was comparable to first degree robbery in Washington. The State now concedes that Casaway's robbery conviction is not legally or factually comparable to first degree robbery in Washington and agrees he should be resentenced.

We accept the State's concession, reverse the sentencing court's denial of Casaway's motion for resentencing, and remand.

FACTS

I.  BACKGROUND

In 2003, Casaway was convicted of first degree assault with a firearm enhancement and second degree unlawful possession of a firearm.  First degree assault, as a "most serious offense," is a strike offense under RCW 9.94A.570.  Clerk's Papers (CP) at 47.

Prior to this Washington assault conviction, Casaway had convictions from Texas.  Those convictions included a 1992 conviction for third degree aggravated assault and a 1998 conviction for second degree robbery under the Texas statutes.  The robbery conviction was based on a guilty plea.

The sentencing court in 2003 considered both of the Texas convictions as most serious offenses comparable to similar crimes in Washington.  Thus, Casaway's 2003 assault conviction was his third strike.  As a result, Casaway was sentenced to life in prison without the possibility of release.

Casaway appealed his sentence, arguing that his Texas convictions were not comparable to strike offenses in Washington.  *State v. Casaway*, noted at 128 Wn. App. 1062 (2005).  In 2005, this court determined that the Texas convictions were comparable and affirmed Casaway's sentence.  *Id.*  However, this court left unresolved whether the Texas robbery was comparable to first degree robbery or second degree robbery in Washington.[1]  *Id.*, slip op. at 10-11.

---

[1] At the time of Casaway's initial appeal, both first and second degree robbery were most serious offenses.  *See* Former RCW 9.94A.030(28)(a), (o) (2002); former RCW 9A.56.200 (2002) (first degree robbery is a class A felony).

No. 57350-4-II

II. MOTION FOR RESENTENCING

After our legislature removed second degree robbery as a strike offense, Casaway moved, pursuant to RCW 9.94A.647,[2] to vacate the finding that he was a persistent offender and to request resentencing. Casaway argued the State had to prove that his Texas robbery was comparable to Washington's first degree robbery, rather than second degree robbery, to support his sentence.

In 2022, the sentencing court held a hearing on Casaway's motion. Before the sentencing court, the State argued that Casaway should remain a persistent offender because his Texas robbery conviction was comparable to first degree robbery in Washington. The State relied on an indictment form for Casaway's robbery conviction, which stated:

> Michael Casaway, hereinafter referred to as Defendant, did then and there, while in the course of committing theft and with the intent to obtain and maintain control of property, intentionally, knowingly, and recklessly cause bodily injury to JUAN DIAZ by pushing JUAN DIAZ on the chest with Defendant's elbow[.]

CP at 20 (boldface omitted).

Looking at the language of the indictment, the sentencing court determined that the State met its burden to show Casaway's robbery conviction was factually comparable to first degree robbery in Washington.[3] Accordingly, the sentencing court denied Casaway's motion for resentencing.

---

[2] "In any criminal case wherein an offender has been sentenced as a persistent offender, the offender must have a resentencing hearing if a current or past conviction for robbery in the second degree was used as a basis for the finding that the offender was a persistent offender." RCW 9.94A.647(1).

[3] The sentencing court also noted that it had a copy of Casaway's guilty plea from the robbery conviction, but that it did not include any factual details about the events that led to the robbery conviction.

3

Casaway appeals.

ANALYSIS

Casaway argues the sentencing court erred because his robbery conviction from Texas is not legally or factually comparable to first degree robbery in Washington because a person can commit a robbery in Texas without committing a robbery in Washington.

Although it took the opposite position before the sentencing court, the State now concedes that Casaway's Texas robbery conviction is not legally or factually comparable to first degree robbery in Washington and agrees that Casaway should be resentenced. We accept the State's concession and remand for resentencing.

I.  LEGAL PRINCIPLES

We review de novo the sentencing court's decision to characterize a particular offense as a strike. *State v. Thiefault*, 160 Wn.2d 409, 414, 158 P.3d 580 (2007).

Washington courts employ a two-part test to determine the comparability of a foreign offense for sentencing. *Id.* at 415. The sentencing court "must first query whether the foreign offense is legally comparable—that is, whether the elements of the foreign offense are substantially similar to the elements of the Washington offense." *Id.* "If the elements of the foreign offense are broader than the Washington counterpart, the sentencing court must then determine whether the offense is factually comparable—that is, whether the conduct underlying the foreign offense would have violated the comparable Washington statute." *Id.* "The foreign statute establishing the offense carries with it the construction placed on it by the other jurisdiction's controlling court." *State v. Davis*, 3 Wn. App. 2d 763, 771, 418 P.3d 199 (2018).

No. 57350-4-II

II. LEGAL COMPARABILITY

Casaway argues the Texas robbery statute is broader than the Washington statute because a person can commit a robbery in Texas, but not in Washington, by injuring another while escaping after peaceably obtaining property.

In 1998, during the time of Casaway's conviction, robbery in Texas required the following elements:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

CP at 25 (Tex. Penal Code § 29.02 (1998)). "Theft" was, in turn, defined as "unlawfully appropriat[ing] property with intent to deprive the owner of property." CP at 33 (Tex. Penal Code § 31.03 (1992)).

Texas courts have construed these statutes to mean that a robbery can occur when force was used to escape immediately after a completed or attempted theft even if the property was not obtained or was abandoned prior to the escape. *White v. State*, 671 S.W.2d 40, 42-43 (Tex. Crim. App. 1984); *Morgan v. State*, 703 S.W.2d 339, 341 (Tex. Ct. App. 1985).

In 1998, the Washington statute for first degree robbery required the following elements:

> (1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:
> (a) Is armed with a deadly weapon; or
> (b) Displays what appears to be a firearm or other deadly weapon; or
> (c) Inflicts bodily injury.
> (2) Robbery in the first degree is a class A felony.

5

Former RCW 9A.56.200 (1998). A "robbery" was further defined:

> A person commits robbery when he [or she] unlawfully takes personal property from the person of another or in his [or her] presence against his [or her] will by the use or threatened use of immediate force, violence, or fear of injury to that person or his [or her] property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Former RCW 9A.56.190 (1998).

Reading these statutes together, Washington courts have held that robbery convictions must be based on force used to take or retain the property. *State v. Johnson*, 155 Wn.2d 609, 609-10, 121 P.3d 91 (2005) ("We consider whether a robbery conviction can be based upon force used to escape after peaceably-taken property has been abandoned. Concluding that the force must be used to obtain or retain property, or to prevent or overcome resistance to the taking, we reverse Richard Johnson's first degree robbery conviction."). Robbery is not committed if force is used only to escape after the property was taken without force and abandoned prior to the escape. *Id.*

Here, Casaway points to these differences in the statutes and argues that his Texas robbery conviction is not legally comparable to a robbery in Washington. The State concedes the crimes are not legally comparable. We agree.

III. FACTUAL COMPARABILITY

Casaway next argues that the sentencing court erred in determining his Texas robbery conviction was factually comparable to a Washington robbery conviction because it merely relied

6

on standard language in the Texas indictment to determine that his conduct in Texas would have constituted a robbery under Washington law.

As explained above, the Texas robbery statute is broader than Washington's statutes. Therefore, we turn to whether the conviction is factually comparable; that is, "whether the conduct underlying the foreign offense would have violated the comparable Washington statute." *Thiefault*, 160 Wn.2d at 415. The State has the burden to show the defendant's foreign convictions are comparable by a preponderance of the evidence. *State v. Collins*, 144 Wn. App. 547, 554, 182 P.3d 1016 (2008), *review denied*, 165 Wn.2d 1032 (2009).

"In making its factual comparison, the sentencing court may rely on facts in the foreign record that are admitted, stipulated to, or proved beyond a reasonable doubt." *Thiefault*, 160 Wn.2d at 415. Thus, the sentencing court cannot "consider '[f]acts or allegations contained in the record, if not directly related to the elements of the charged crime, [which] may not have been sufficiently proven in the trial.' " *Davis*, 3 Wn. App. 2d at 772 (alterations in original) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005)). "Accordingly, for example, the court cannot consider factual allegations in an indictment that were not tested and proved in trial." *Id.*

Here, the trial court looked to the language of Casaway's indictment to determine factual comparability. However, because the language of the indictment was not tested and proved at trial and no other admitted or stipulated facts have been presented, there is no adequate basis upon which the factual comparison can be conducted. And the State concedes as much. We conclude the sentencing court erred by finding Casaway's Texas conviction factually comparable to first degree robbery in Washington.

7

CONCLUSION

Consistent with the State's concession, we hold that the State did not meet its burden to show that Casaway's Texas robbery conviction was comparable to first degree robbery in Washington. Thus, the sentencing court erred in denying Casaway's motion for resentencing. We reverse and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

VELJACIC, J.